People v Bieneme (2026 NY Slip Op 50301(U))

[*1]

People v Bieneme

2026 NY Slip Op 50301(U)

Decided on February 17, 2026

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 17, 2026
County Court, Tompkins County

People of the State of New York

againstOlvin Bieneme, Defendant.

Ind. No. 70451-24

Andrew Kelly, Esq., Tompkins County Assistant District AttorneyLuke Z. Fenchel, Esq., for Defendant

Scott A. Miller, J.

Defendant stands indicted for, inter alia, Aggravated Driving While Intoxicated/Child in the Vehicle (Vehicle and Traffic Law § 1192(2-a)(b)), Driving While Ability Impaired by Drugs (Vehicle and Traffic Law § 1192(4)), and Endangering the Welfare of a Child (Penal Law § 260.10(1)). Jury selection is scheduled to commence March 3, 2026.
The parties dispute the definition of "impairment" that this Court must charge to the jury. Defendant urges application of the heightened definition discussed in People v. Caden N., 189 AD3d 84 (3rd Dept. 2020), lv denied 36 NY3d 1050 (2021), which equates impairment by drugs with the degree of incapacity associated with intoxication — namely, that the defendant was incapable of employing the physical and mental abilities expected of a reasonable and prudent driver. The People request that the Court charge the jury under the lesser "to any extent" standard reflected in People v. Ambrosio, 235 AD3d 1181 (3rd Dept. 2025), lv granted 43 NY3d 967 (2025), and the current Criminal Jury Instructions. CJI2d[NY] Vehicle and Traffic Law § 1192(4) (rev. Dec. 2021, Jan. & March 2025).
Following oral argument on December 23, 2025, the Court issued a bench ruling granting the People's request. This decision memorializes that ruling.
In People v. Caden N., supra, the Third Department considered the degree of impairment necessary to sustain a conviction for vehicular manslaughter under Penal Law § 125.12(1), where impairment under Vehicle and Traffic Law § 1192(4) served as the predicate offense. Applying the rationale of People v. Cruz, 48 NY2d 419 (1979), the Caden N. Court concluded that the impairment necessary to support vehicular manslaughter must mirror the heightened standard applicable to intoxication by alcohol.
More recently, in Ambrosio, supra, the Third Department addressed whether counsel was ineffective for failing to request a heightened "intoxication" instruction in a prosecution under Vehicle and Traffic Law § 1192(4). The Ambrosio Court concluded that Caden N. did not furnish clear legal authority necessary to require such a heightened instruction, and the Court emphasized that Caden N. was limited to the vehicular manslaughter context, i.e., where a defendant is not only facing a VTL § 1192(4) count but is also charged with vehicular manslaughter. Ambrosio makes clear that Caden N. did not redefine the definition of impairment [*2]for prosecutions brought solely under Vehicle and Traffic Law § 1192(4) or § 1192(4-a). That clarification governs here. Here, Defendant is charged with Vehicle and Traffic Law § 1192(4), and, fortunately, as no death occurred, there is no vehicular manslaughter count. The vehicular manslaughter statutory framework that informed Caden N. is therefore absent.
The Fourth Department, in People v. Dondorfer, 235 AD3d 71 (4th Dept. 2024), unambiguously held that "impaired," as used in Vehicle and Traffic Law § 1192(4-a), means impairment "to any extent."
The Criminal Jury Instructions Committee revised the VTL § 1192(4) model charge in December 2021, and again in January and March 2025. The explanatory notes acknowledge the Caden N., Dondorfer, and Ambrosio holdings. CJI2d[NY] Vehicle and Traffic Law § 1192(4) (rev. Dec. 2021, Jan. & March 2025). The recommended definition of impairment in this latest revision is "to any extent." As this recommendation is consistent with Dondorfer and Ambrosio, this Court will follow such recommendation.
Because this prosecution does not involve vehicular manslaughter, and the defendant is charged with Vehicle and Traffic Law § 1192(4), the jury will be instructed that impairment means impairment "to any extent." Accordingly, it is hereby,
ORDERED, that the jury shall be instructed that impairment under Vehicle and Traffic Law § 1192(4) means that the defendant's ability to operate a motor vehicle was impaired "to any extent."
This constitutes the Decision and Order of the Court [FN1]
.
Dated: February 17, 2026Hon. Scott A. MillerTompkins County Court Judge

Footnotes

Footnote 1:On the day the Court signed this Decision and Order, the Court of Appeals affirmed Dondorfer and expressly overruled Caden N. People v. Dondorfer, Court of Appeals, February 17, 2026, Decision No. 4; People v. Morel, Court of Appeals, February 17, 2026, Decision No. 3.